ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Guidant Sales Corporation and Cardiac Pacemakers, Inc., Plaintiffs, vs. Jeffrey S. George and Scott Robbins, Defendants. | **Civil No. 01-1638 (MJD/JGL)** **STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

WHEREAS, the proceedings in this action may involve the production or disclosure of confidential business information, trade secrets, and other sensitive or proprietary information, and the parties wish to provide for the protection of such confidential information,

IT IS THEREFORE STIPULATED AND AGREED by and among the parties, through their respective counsel of record, as follows:

1. For purposes of this Protective Order, the following definitions shall apply:

(a) The term "document" shall include, without limitation, any records, exhibits, reports, samples, transcripts, video or audio recordings, affidavits, briefs, summaries, notes, E-Mails, company records and reports, answers to interrogatories, responses to requests for admissions, or motions, including copies or computer-stored versions of any of the foregoing.

(b) The term "Confidential Information" means information which has not been made public, the disclosure of which may cause harm to the business operations of the disclosing party or non-party or unduly invade the personal privacy of individual

OCT 17 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

employees or agents of the disclosing party or non-party, and which a party or a non-party witness has designated "CONFIDENTIAL" consistent with this Order.

2. All Confidential Information produced in this case shall be used solely for purposes of this litigation and for no other purpose, including without limitation any business or competitive purpose or any voluntary submission to any governmental or administrative agency.

3. Any document which contains Confidential Information may be so designated by the producing party by placing the notation "CONFIDENTIAL" on every page of each document so designated. For the purposes of this Order, a producing party may be either a party to this action or a non-party witness that produces documents voluntarily or involuntarily to both plaintiffs and defendants concurrently during the course of these proceedings. Such designation is deemed to apply to the document itself and to the Confidential Information contained therein. If a producing party inadvertently fails to appropriately designate certain documents upon their production, it may designate such documents as "CONFIDENTIAL" by giving written notice to all parties within 30 days after the production of the material. All parties shall then stamp or otherwise mark the designated material as "CONFIDENTIAL" and shall treat it according to the terms of this Order.

4. Documents designated "CONFIDENTIAL" (and information contained therein) shall be available only to: (i) defendants; (ii) counsel of record in this action, which may include such counsel's partners, associates, paralegals, assistants, secretarial and clerical personnel; (iii) in-house legal counsel for Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers, Inc.; (iv) in-house legal counsel for St. Jude Medical, Inc., St. Jude Medical S.C., Inc., and Pacesetter, Inc.; (v) independent consultants and experts retained to assist counsel in this case, and the employees of such experts or consultants who are assisting them; (vi) court personnel and court reporters; and (vii) such other persons

as hereafter may be designated by written agreement of all parties in this action or by court order. Nothing in this Order shall prohibit a disclosing party or non-party from making available to whomever it chooses documents that it has designated "CONFIDENTIAL." Nothing in this Order shall preclude a receiving party from disclosing a document that has been designated "CONFIDENTIAL" to a person shown on the face of the document to be an author or recipient of that document.

5. If an attorney for any party in the action desires to give, show, make available or communicate any document designated "CONFIDENTIAL" to a person not authorized by paragraph 4 to receive such documents or information, the attorney must first disclose that person's name and connection with the litigation, and must obtain the written consent of the attorney for the party who so designated the document. If the party who made such designation refuses to give its consent, it must state its reasons in a writing postmarked within 2 working days of receiving the notice of intent to disclose. Thereafter, the parties and/or third parties shall meet and confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the party desiring disclosure of the document may petition the Court for an order granting disclosure.

6. Each person, other than those described in paragraph 4, to whom Confidential Information is made available must sign an Acknowledgement and Stipulation in the form attached hereto as Exhibit A not to disclose or use the information except in accordance with the terms of this Order. Executed agreements shall be preserved until the conclusion of the litigation by the counsel for the party who has disclosed the Confidential Information to the person executing the agreement.

7. Subject to the provisions of paragraph 4, if a party wishes to mark and use as a deposition exhibit a document containing information that has been designated "CONFIDENTIAL," the disclosing party may disclose such document to the deposition witness at the deposition after first taking the

following steps: (i) informing the designating party of the disclosing party's intention to use the document as a deposition exhibit; and (ii) permitting the designating party the opportunity to object to such disclosure. If the designating party objects to the disclosure, the parties will attempt to obtain an immediate ruling from the Court concerning the requested disclosure. In the event that the parties cannot obtain an immediate ruling, then the disclosure shall not be made until a ruling can be obtained or the matter is otherwise resolved by the parties.

8. If during the course of any deposition, counsel for any of the parties in the action or for a non-party asserts that an answer to a specific inquiry is subject to the designation "CONFIDENTIAL," that inquiry and the answer shall be sealed and subject to disclosure only as provided by this Order for documents designated "CONFIDENTIAL." A designating party's counsel may exclude form the room during a deposition, hearing or other proceeding, any person (other than the witness then testifying) who is not entitled under this Order to receive Confidential Information. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing that testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order, and that copies of all transcripts, reporter's notes and all other records of any such testimony will be retained in absolute confidentiality and safekeeping by the court reporter, or delivered to attorneys of record or filed under seal with the Court. If, within 20 days of the date of receipt of a deposition transcript, a party or non-party wishes to designate testimony therein as "CONFIDENTIAL," then notice of such designation together with a correctly marked deposition transcript shall be served upon opposing counsel and the court reporter. Upon receipt of such notice, each party shall mark all copies of the deposition within its possession or control by placing the appropriate designation upon the pages and lines designated. Between the date of receipt by counsel of

a transcript and the last day for the designation of Confidential Information, the deposition transcript shall be treated by all parties as if it were designated "CONFIDENTIAL" pursuant to this Order.

9. Confidential Information may be filed with or presented to the Court, or may be included in briefs, memoranda or other papers filed with the Court, only under seal. Any party filing or presenting such documents or information to the Court shall deliver those documents or information to the Court in a sealed envelope or container marked on the outside with the caption of the action, identification of the item(s) contained therein, and a statement substantially as follows: "Confidential Materials Subject to Protective Order. This envelope, filed in this case by [name of party] contains information subject to a Protective Order, and is not to be opened or the contents thereof revealed except by prior order of this Court."

10. Documents designated "CONFIDENTIAL" shall be maintained in the custody of counsel of record. Partial or complete copies of these documents may be retained by other persons entitled to access to such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated "CONFIDENTIAL" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

11. Should any document (or information contained therein) designated as "CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order; and the disclosing party shall (i) promptly inform such person of all the provisions of this Order; (ii) identify such person immediately to the party or non-party who designated the document as confidential; and (iii) request such person to sign the agreement in the form attached hereto

as Exhibit A. The executed agreement shall promptly be served upon the party or non-party designating the document as "CONFIDENTIAL."

12. A receiving party shall be under no obligation to object to the designation of any document as "CONFIDENTIAL" at the time the designation is made, or at any other time, and a party shall not, by failing to object, be held to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time.

13. If a party disagrees at any stage of these proceedings disagrees with a "CONFIDENTIAL" designation, that party shall provide to the designating party written notice of its disagreement with the designation. The parties shall first try to resolve any such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. If such motion is made, the parties shall treat the document or information as "CONFIDENTIAL" until the motion is decided by the Court.

14. This Order shall apply to pre-trial discovery only, up to and including a hearing or hearings on plaintiffs' motion for a preliminary injunction. Prior to trial of this action, either party may seek an order from the trial court governing the use at trial of information designated "CONFIDENTIAL" pursuant to this Order.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. The production of information designated as "CONFIDENTIAL" pursuant to this Order shall in no way constitute (i) a waiver of any right to object to the production or use of the same information on other grounds; or (ii) a general or limited waiver of the attorney-client, work product or other privilege or legal protection; or (iii) a waiver of any right to object to the production or use of other documents in

this litigation or in any other litigation. In addition, the election by any party to disclose any portion of a document it has designated as "CONFIDENTIAL" under this Order shall not be deemed a waiver of any of the rights established by this Order.

16. Upon the final disposition of litigation and legal proceedings involving the parties, the attorneys for the parties shall, at the election of the designating party, within 30 days (i) destroy or (ii) return to the party, non-party, or witness from whom they were obtained, all documents and copies made thereof which have been designated "CONFIDENTIAL" (regardless of the medium on which they are recorded). Notwithstanding the foregoing, counsel of record shall be permitted to retain archival copies. Such archival copies shall be maintained under the conditions of this Order.

17. Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated "CONFIDENTIAL" to a person identified as an author or recipient of such document.

18. The Court retains jurisdiction, even after termination of this action, to enforce this Order and to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination, for an order: (i) modifying this Order, (ii) seeking further protection against discovery or other use of Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information, or (iii) seeking further production, discovery, disclosure, or use of claimed Confidential Information or documents, transcripts, or other materials reflecting Confidential Information.

Dated: October 16, 2001

**FAEGRE & BENSON LLP**

Robert L. Schnell, Jr. (#97329)
Julie Knox Chosy (#225228)
C. David Flower (#29407X)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

**Attorneys for Plaintiffs**

Dated: October 12, 2001

**DORSEY & WHITNEY LLP**

Michael A. Lindsay (#163466)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2869

**FELDMAN GALE & WEBER, P.A.**
James A. Gale
Miami Center, 19th Floor
201 South Biscayne Boulevard
Miami, FL 33133
Telephone: (305) 358-5001
Facsimile: (305) 358-3309

**Attorneys for Defendants**

IT IS SO ORDERED.

Dated: ____________, 2000

Hon. Jonathan G. Lebedoff
United States Magistrate Judge

M2:20415093.01



M2:20415093.01

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Guidant Sales Corporation and Cardiac Pacemakers, Inc., Plaintiffs, vs. Jeffrey S. George and Scott Robbins, Defendants. | ) | **Civil No. 01-1638 (MJD/JGL)** **STIPULATION AND ACKNOWLEDGEMENT** |

THE UNDERSIGNED HEREBY ACKNOWLEDGES that I have read the Protective Order entered by the United States District Court in the case Guidant Sales Corporation and Cardiac Pacemakers, Inc. vs. Jeffrey S. George and Scott Robbins, Civil No. 01-1638 (MJD/JGL). I understand the terms of the Protective Order, and I agree to be bound thereby. I further understand that a violation of this Protective Order may be punishable as a contempt of court.

Dated: _______________

_______________________________
Signature

Subscribed and sworn to before me
this _____ day of ___________, 2001.

_______________________________

Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.