UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GUIDANT SALES CORPORATION
and CARDIAC PACEMAKERS, INC.,

Plaintiffs,

v.

JEFFREY S. GEORGE and
SCOTT ROBBINS,

Defendants.

CIVIL NO. 01-1638 (MJD/JSM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned United States Magistrate Judge on defendants Jeffrey S. George ("George") and Scott Robbins' ("Robbins") Motion to Vacate Preliminary Injunction Order. [Docket No. 93] Plaintiffs Guidant Sales Corporation and Cardiac Pacemakers, Inc. (collectively "Guidant") requested a preliminary injunction to enforce a non-compete agreement between Guidant and George and Robbins. The district court granted the injunction and George and Robbins appealed. George and Robbins' appeal was dismissed as moot because the injunction expired before the appeal was heard. George and Robbins assert that the preliminary injunction should be vacated because the principles of equity dictate that they should not be subject to an order which, through no fault of their own, they did not have the opportunity to appeal. Guidant, on the other hand, argues that equity does not favor vacating the injunction in this case because George and Robbins did not seek an expedited appeal and did not inform the appellate court of the impending expiration of the injunction until it was too late to remedy.



APR 23 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Therefore, Guidant argues, George and Robbins' own inaction caused the appeal to become moot, not happenstance.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons discussed below, it is recommended that George and Robbins' Motion to Vacate Preliminary Injunction Order be GRANTED and the Orders dated November 19, 2001, and December 12, 2001, be vacated as moot.

## I. FACTUAL BACKGROUND

George and Robbins were employed by Guidant as sales representatives in and around Louisville, Kentucky until July, 2001. As part of their employment, George and Robbins signed covenants not to compete which allegedly prohibited them from selling competitive products in the same territory in which they worked for Guidant for a period of one year after the termination of their employment with Guidant. Upon resigning from Guidant, George and Robbins began working as sales representatives for a competitor, Pacesetter, allegedly selling competitive products in the same territory and to the same customers they formerly had served on behalf of Guidant.

On September 6, 2001, Guidant filed this action against George and Robbins and requested that the court grant a preliminary injunction to enforce the covenants not to compete. George and Robbins opposed the preliminary injunction and argued that the non-compete agreements were invalid because they were broader than necessary to protect Guidant's interests, challenged Guidant's interpretation of the terms of the agreement, and asserted that the non-compete agreements had not been breached. The

district court granted the preliminary injunction on November 19, 2001. The injunction expired on July 16, 2002, one year after George and Robbins' employment with Guidant ended.[1]

George and Robbins appealed the granting of the preliminary injunction to the Eighth Circuit Court of Appeals ("Court of Appeals"), filing a Notice of Appeal on December 18, 2001. Shortly thereafter, the Court of Appeals issued a briefing schedule requiring George and Robbins to file an appellate brief by February 15, 2002, Guidant to file its responsive brief by March 18, 2002, and George and Robbins to file a reply brief by April 1, 2002.

In January, 2002, Guidant moved the Court of Appeals to consolidate George and Robbins' appeal with an appeal in a related case, Guidant Sales Corp. v. Niebur (Civil No.: 01-1772) (DWF/AJB). Apparently, the Niebur case involved similar employment and contract issues as those raised in this appeal. The Niebur defendants and George and Robbins were represented by the same attorneys. On January 23, 2002, the Court of Appeals suspended the briefing schedule for the instant case pending resolution of Guidant's motion to consolidate the appeals. On January 30, 2002, the Court of Appeals denied the motion to consolidate and revised this case's briefing schedule so that George and Robbins' brief was due February 20, 2002; Guidant's responsive brief was due

---

[1] Initially, the injunction was set to expire one year from the issuance of the district court's order; however, upon George and Robbins' motion, on December 12, 2001, the district court modified the order to conform the period of the injunction to the term of the non-compete agreement – i.e., one year from George and Robbins' termination from Guidant.

March 22, 2002; and George and Robbins' reply brief was due April 5, 2002. In addition, the Court of Appeals placed both Niebur and the instant case on the same briefing schedule and ordered that oral arguments for both cases be heard back-to-back before the same panel.

On February 7, 2002, George and Robbins filed a request, agreed to by Guidant, for an extension of the briefing schedule. In this request, George and Robbins asked that their brief be filed on March 15, 2002; Guidant's responsive brief be filed on April 15, 2002; and their reply brief be filed on April 29, 2002. The bases for the request for extension was that the preparation of the transcript of the district court proceedings in the instant case had been delayed because the court reporter had broken her hand and to accommodate the schedule of Guidant's attorneys in filing their responsive brief. The court granted the request for an extension and ordered George and Robbins and the Niebur appellants to file their briefs by March 15, 2002.

George and Robbins filed their appellate brief on March 15, 2002. The Niebur appellants, however, moved to dismiss their appeal on March 15, 2002. The Niebur appellants' motion to dismiss was denied on April 11, 2002. On April 15, 2002, the Niebur appellants filed a motion for reconsideration and the Court of Appeals referred the Niebur appellants' motion to dismiss to the panel that had been assigned to hear the substantive case.

On May 1, 2002, George and Robbins moved to expedite oral arguments for the appeal on the grounds that the injunction was slated to expire in mid-July. Guidant objected to this motion, however, the Court of Appeals denied George and Robbins' motion

to expedite on May 7, 2002, without considering Guidant's objections.

On July 17, 2002, Guidant moved to dismiss George and Robbins' appeal as moot since the injunction had expired and was no longer in effect. George and Robbins objected to the dismissal and requested that the preliminary injunction be vacated if the Court of Appeals dismissed the appeal as moot. On August 15, 2002, the Court of Appeals granted Guidant's motion and dismissed the appeal as moot without opinion and without mentioning the vacatur issue. Upon George and Robbins' further request that the injunction be vacated, the Court of Appeals remanded the vacatur issue, without opinion, to the district court for consideration in light of the dismissal of the appeal as moot.

## II. DISCUSSION

The United States Supreme Court has instructed courts addressing the vacatur issue as follows. "[W]e have disposed of moot cases in the manner 'most consonant to justice' . . . in view of the nature and character of the conditions which have caused the case to become moot." U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 24 (1994) (quoting United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft, 239 U.S. 466, 477-78 (1916); S. Spring Hill Gold Mining Co. v. Amador Medean Gold Mining Co., 145 U.S. 300, 302 (1892)). Further, the Court observed that "[t]he principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action [and a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." U.S. Bancorp Mortgage Co., 513 U.S. at 24. In contrast, the Court concluded that where a case is mooted by the

unilateral action of the prevailing party fairness dictates that the order should be mooted, whereas when the case is mooted by settlement, the equitable remedy of vacatur would not be available. Id. at 25. For the following reasons, equitable considerations warrant vacating the preliminary injunction order against George and Robbins by the District Court.

In this case, George and Robbins did not delay in appealing the preliminary injunction order and filed a notice of appeal within approximately thirty days of the order granting the preliminary injunction. In addition, George and Robbins requested an expedited hearing as soon as it became apparent that their appeal might not be heard before the expiration of the injunction– more than two months before the injunction was due to end. Moreover, there is nothing in the law of this Circuit that requires a party under similar circumstances to request an expedited schedule at the onset of their appeal.[2]

George and Robbins should not be penalized for failing to anticipate delays in preparing the transcript due to the unexpected injury of the court reporter, for failing to foresee Guidant's attempts to consolidate this appeal with Niebur, or for their willingness

---

[2] In Curtis Indus., Inc. v. Livingston, 30 F.3d 96 (8th Cir. 1994), the Eighth Circuit was asked to overturn the District Court of Minnesota's denial of a request for a preliminary injunction in a case involving the enforceability of a one-year noncompetition agreement. The Court of Appeals dismissed the appeal on the grounds that the one-year noncompete agreement had already expired, rendering the appeal moot, and remanded the case to the district court with directions to vacate its order denying the preliminary injunction on the merits and to enter a new order denying the preliminary injunction as moot. Id. at 97. Similarly, in Agrigenetics, Inc. v. Rose, 62 F.3d 268 (8th Cir. 1995), a case decided after U.S. Bancorp Mortgage Co., the Eighth Circuit reached the same result. Id. at 271. In neither opinion did the Eighth Circuit suggest that a prerequisite for vacating the district court's decision was a request for an expedited appeal.

to accommodate the schedule of their opposing counsel in connection with the briefing of the appeal. In addition, unlike the circumstances presented by Cmty. Stabilization Project v. Martinez, 2002 WL 272313, *2 (8th Cir. 2002) (unpublished opinion) cited by Guidant,[3] here George and Robbins took timely and appropriate action when it became apparent that their appeal might not be heard on time.

For all of the above reasons, this Court finds that George and Robbins have met the Unites States Supreme Court's requirements for vacatur of the preliminary injunction and the order for preliminary injunction in this case should be vacated.

## III. RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, it is recommended that George and Robbins' Motion to Vacate Preliminary Injunction Order [Docket No. 93] be GRANTED, and that the orders of the District Court

[3] In Cmty. Stabilization Project v. Martinez, 2002 WL 272313, *2 (8th Cir. 2002) the district court dismissed the lawsuit on February 27, 2001. Community Stabilization Project ("CSP") filed its appeal on April 24, 2001, almost 60 days after the dismissal. Despite notice on April 20, 2001, by the owner of its intent to sell the property 150 days later, CSP waited until nine days before the property was to be closed to move to stay or enjoin the sale, and never moved for an expedited appeal. The court denied the motion to stay or enjoin the sale. The property was sold on October 3, 2001, and demolished three weeks later. The Court of Appeals held that "[u]nder these circumstances, we cannot say the equities favor CSP, and thus deny CSP the extraordinary remedy of vacatur." Id.

dated November 19, 2001, and December 12, 2001, be vacated as moot.

Dated: April 23, 2003

JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 8, 2003,** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.